PER CURIAM:
*888 WRIT GRANTED. In accordance with La.Code Civ.P. art. 966(D), as mover, Plaza Holdings, LLC ("Plaza Holdings") bore the initial burden of proof in its motion for summary judgment, and it introduced the lease in support of its assertion that it owed no duty to plaintiff, Reuben Ellis. Because Plaza Holdings will not bear the burden of proof at trial that it had a duty to protect Ellis from the criminal acts of third persons, Plaza Holdings' burden was "to point out to the court the absence of factual support for one or more elements essential" to the plaintiff's claims.
We find that Plaza Holdings met its burden of pointing out the absence of a duty, legal or contractually assumed, owed to plaintiff. We disagree with the court of appeal that the provisions of the lease agreement "conflict"; instead, we find that the following clause supersedes and overrides other provisions of the lease: "Notwithstanding anything to the contrary, contained in this section or elsewhere in this Lease, even though a portion of the Common Facilities Costs will be used to provide security services with respect to the Common Areas, Lessor does not assume any responsibility for security." Based upon the clear and unambiguous language of the lease agreement, Plaza Holdings did not contractually assume a duty to provide security.
Therefore, pursuant to La.Code Civ.P. art. 966, the burden then shifted to Reuben Ellis "to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." Id. Plaintiff, who introduced no evidence in opposition to the motion for summary judgment, failed to meet this burden.
For the foregoing reasons, we grant this writ, reinstate the district court's judgment granting summary judgment in favor of Plaza Holdings, LLC, and dismiss the claims of Reuben Ellis with prejudice.